UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS, INC.,

    Plaintiff,

    v.

GAMBER-JOHNSON LLC,

    Defendant.

Case No. 2:12-cv-00840

ORDER DENYING MOTION TO STAY

This matter comes before the Court on a motion filed by defendant Gamber-Johnson, LLC to stay this litigation pending reexamination of the patent in suit. Defendant requested that the United States Patent and Trademark Office ("PTO") reexamine U.S. Patent No. 8,179,672 ("the '672 patent"), which is the subject of this suit. The PTO granted the request for claims 1 though 33, but declined to reexamine claims 34 and 35. The '672 patent is directed to a portable electronics (e.g. laptops) mounting device designed for use in vehicles. Plaintiff alleges that defendant has infringed the patent; defendant counters that the patent is invalid. For the reasons set forth below, the Court DENIES the stay.

## DISCUSSION

The Court has broad discretion to manage its docket, including the inherent power to grant a stay pending a PTO reexamination. <u>Procter & Gamble Co. v. Kraft Foods Global, Inc.</u>,

ORDER DENYING MOTION TO STAY- 1

549 F.3d 842, 849 (Fed. Cir. 2008).  When determining whether to grant a stay, courts generally consider three factors: 1) whether a stay will simplify the issues in question; 2) the stage of litigation, i.e. whether discovery is complete and whether a trial date has been set; and 3) whether a stay would unduly prejudice the non-moving party.  CMB Indus., Inc. v. Zurn Indus., Inc., C00-0364RSL, 2003 WL 25956135 (W.D. Wash. Dec. 16, 2003) (citing Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404 (W.D.N.Y. 1999)).

Defendant cites Pactool Int'l Ltd. v. Dewalt Indus. Tool Co., C06-5367BHS, 2008 WL 312677 (W.D. Wash. Feb. 1, 2008), for the proposition that courts have a liberal policy in favor of granting stays pending reexamination.  However, the Court is "unaware of any 'policy' which favors the granting of such stays" within this district.  F5 Networks, Inc. v. A10 Networks, Inc., C10-654MJP, 2010 WL 5138375 (W.D. Wash. Dec. 10, 2010).  The Court's research shows that district courts are granting stays around half of the time and that the decision is based on a very fact-specific inquiry.  Raymond A. Mercado, The Use and Abuse of Patent Reexamination: Sham Petitioning Before the USPTO, 12 Colum. Sci. & Tech. L. Rev. 93 (2011).  Furthermore, this Court shares the frustration of a growing number of courts with the gap between the statutory language that requires the PTO to conduct the reexamination process with "special dispatch" and the practical reality that the average inter partes reexamination takes roughly three years.  Several courts have cited the long delays as a factor that weighed heavily in their decisions to reject motions to stay.  See, e.g. Affinity Labs of Texas v. Apple Inc., 09-04436CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010).

A. SIMPLIFICATION OF THE ISSUES

Before the PTO declined to reexamine claims 34 and 35, defendant took the position that the claims were all based on one common limitation so that "if one claim of the '672 patent is invalid, they likely all are."  Dkt. #20 at 2.  If this were true, it would have provided compelling support for granting a stay.  Congress' legislative intent behind instituting the reexamination process was to provide a less costly alternative to litigation.  Implicit Networks, Inc. v.

ORDER DENYING MOTION TO STAY- 2

Advanced Micro Devices, Inc., C08-184JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) (citing Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 68 (D.D.C. 2002)).  The reexamination process decreases court costs because it is able to "eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).  Therefore, if all of the claims of the '672 patent hinged on one limitation and the claims were either all valid, or alternatively, all invalid, then the potential for simplification of the issues and cost saving would be great.

However, the defendant's theory did not hold up.  The PTO agreed to reexamine 33 of the 35 claims but did not grant reexamination of claims 34 and 35.  Plaintiff argues that since two claims have already been held to be valid, "the Court must still conduct all phases of a patent trial to determine whether Gamber-Johnson infringes claims 34 and 35, and the parties will be subject to the same burdens of discovery."  Dkt. #24 at 2.  This would seriously undermine the purpose of granting a stay because the Court and both parties would still incur many of the same costs.

After the PTO declined to reexamine claims 34 and 35, the defendant then argued that claims 34 and 35 are dependant on claim 12, which is being reexamined, and therefore, the Court should grant the stay because the reexamination of claim 12 "may affect their construction in a way that could be dispositive."  Dkt. #22.  The Court finds that the PTO's determination that claims 34 and 35 are valid is logically inconsistent with both the defendant's original assertion that "all claims of the patent were granted for a single reason" and its revised argument that the reexamination of claim 12 will significantly affect the Court's construction of claims 34 and 35 at a *Markman* hearing.  Furthermore, defendant's argument that all claims depend on one limitation can also be used to support plaintiff's contention that both parties will be subjected to the same burdens of discovery now that claims 34 and 35 will be litigated.

Lastly, it is settled law that even if the PTO determines that claim 12 is invalid,  35 U.S.C. §  282 requires the Court to treat each claim independently for purposes of determining

ORDER DENYING MOTION TO STAY- 3

validity.  See Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Of course, whether performed at the preliminary injunction stage or at some later stage in the course of a particular case, infringement and validity analyses must be performed on a claim-by-claim basis.")

B. STAGE OF LITIGATION

Plaintiff does not dispute that the case is in the early stages of litigation.  Notably, no discovery has taken place.  Ordinarily, this would weigh heavily in favor of granting a stay because courts do not want to unnecessarily expend judicial resources by continuing parallel tracks of litigation and reexamination proceedings.  Avocent Redmond Corp. v. Rose Electronics, Inc., C06-1711MJP, 2008 WL 3875869 (W.D. Wash. Aug. 18, 2008).  However, the PTO has already declined to reexamine two claims. Therefore, the Court is not pursuing "proceedings that may be duplicative or rendered unnecessary by the PTO," as the defendant argues.  Dkt #10 at 5.  Consequently, this factor weighs less heavily in favor of defendant than it otherwise would.

C. PREJUDICE TO THE NONMOVING PARTY

The Court's frustration with the long delays caused by the reexamination process is a product of its concern regarding the real world disadvantages that can arise from a three year postponement.[1]  First, a lengthy delay in litigation gives rise to the potential loss of critical evidence and accurate testimony. CMB Indus., Inc. v. Zurn Indus., Inc., C00-0364 L, 2003 WL 25956135 (W.D. Wash. Dec. 16, 2003). Second, the litigation history between the two parties, which arguably supports plaintiff's contention that defendant purposely infringes and uses the

---

[1] The Court is encouraged by PTO's new standard for granting reexaminations, which is "reasonable likelihood that the requester will prevail," and should decrease the number of reexaminations the PTO grants.  37 C.F.R. § 1.923.

ORDER DENYING MOTION TO STAY- 4

PTO proceedings to further its business strategy[2], suggests that denial of the motion to stay will reduce the risk of undue prejudice to plaintiff. Finally, the two parties compete in the same market and there is sufficient evidence from which one could infer that they are direct competitors.[3]  Therefore, the Court finds that there is a reasonable chance that the alleged infringement would lead to a loss in market share and erosion of goodwill.  F5 Networks, Inc. v. A10 Networks, Inc., C10-654MJP, 2010 WL 5138375 (W.D. Wash. Dec. 10, 2010).

Therefore, although the Court is aware that "(c)ourts have repeatedly held that the delay inherent in the reexamination process does not, by itself, constitute undue prejudice,"[4] the Court finds that the PTO's refusal to reexamine claims 34 and 35, the parties' litigation history, and the lengthy period of delay caused by reexamination would prejudice plaintiff if a stay were granted.[5]

## CONCLUSION

The Court considered three factors: 1) whether a stay will simplify the issues in question; 2) whether the case is in the early stages of litigation; and 3) whether a stay would unduly prejudice the non-moving party.  The first factor weighs only slightly in favor of defendant

---

[2] Dkt. #18 at 6.

[3] Defendant argues that just because "both companies sell docking stations, that does not suffice to establish loss of market share or goodwill," (Dkt. #20 at 3) but cites case law that is not directly applicable because it deals with the damages stage of litigation. (Defendant cited BIC Leisure Products, Inc. V. Windsurfing Intl'l, Inc., 1 F.3d 1214 (Fed. Cir.1993)).  This case is in the early stages of litigation and the Court finds that plaintiff has a lower burden when showing that the parties are direct competitors.

[4] Pac. Bioscience Laboratories v. Nutra Luxe MD, LLC, C10-0230JLR, 2011 WL 65947 (W.D. Wash. Jan. 10, 2011).

[5] If plaintiff were to file a motion for a preliminary injunction, the Court would be required to hear plaintiff's motion before granting a stay.  Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842 (Fed. Cir. 2008).  The fact that plaintiff has not requested preliminary injunctive relief does not resolve the issue of prejudice, however.  The standard for granting a preliminary injunction is very high and the Court is usually not in a position to assess the likelihood of the patentee's success on the merits during the early stages of litigation.

ORDER DENYING MOTION TO STAY- 5

because the PTO has already decided not to reexamine claims 34 and 35.  The second factor again weighs only slightly in favor of defendant because the burden of discovery will be roughly the same regardless of whether the stay is granted.

Accordingly, the motion to stay (Dkt. #10) is hereby DENIED.

Dated this 14th day of August, 2012.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STAY- 6